IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH CASH APP ACCOUNT $SHOOTASHINE9 THAT IS STORED AT PREMISES CONTROLLED BY SQUARE, INC. | Case No. 20-mc-1002<br>20-mj-111<br>**Filed Under Seal** |

**APPLICATION FOR ORDER COMMANDING SQUARE, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT**

The United States requests that the Court order Square, Inc. not to notify any person (including the subscribers and customers of the account(s) listed in the warrant) of the existence of the attached warrant for one year commencing from the date of the Court's order.

Square, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Square, Inc.to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."

In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation that is neither fully public nor entirely known to the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the target an opportunity to destroy or tamper with evidence or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some

of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Square, Inc. not to disclose the existence or content of the attached warrant for one year, except that Square, Inc. may disclose the attached warrant to an attorney for Square, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither fully public nor entirely known to the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated December 28, 2020.

Respectfully Submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

By: */s/ SINAN KALAYOGLU*
Sinan Kalayoglu
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845